## TRIAL UNDER THE LOCAL OPTION LAW.

[Circuit Court of Geauga County.]

JOHN STICK v. STATE OF OHIO.

Decided, February Term, 1902.

*Local Option—Election thereunder—Form of Ballot—Trial for Sales of Liquor—Prosecution may be 'Required to Elect—Burden of Proof upon the State as to All Essential Facts.*

1. In an election under the local option law no more formalities should be required than are actually necessary, and any form of ballot which has written or printed upon it the words "For the sale" or "Against the sale," is sufficient.

2. In a trial under an indictment for selling intoxicating liquor in a township where such sale is prohibited and unlawful, each sale is a distinct offense, and where there is but one count charging several different sales, the accused has the right before introducing his evidence to require the state to elect upon which sale reliance is had for conviction.

3. A charge to the jury which proceeds upon the theory that the burden of proof shifts as to any essential fact during the trial is erroneous; the obligation to convince the jury of the guilt of the accused beyond a reasonable doubt as to all essential facts continues throughout the trial.

COOK, J.; LAUBIE, J., and BURROWS, J., concur.

Heard on error.

John Stick was convicted of selling intoxicating liquor as a beverage in a local option township in this county; a motion for a new trial was overruled and judgment entered upon the verdict; and the case is now before this court to reverse the judgment. Three grounds are urged by counsel for reversing the judgment:

First, that no valid election was held prohibiting the selling of intoxicating liquors in the township.

Second, that the court should have required the prosecuting attorney, at the conclusion of the evidence by the state, to elect upon which sale he relied for conviction; and

Third, that the court erred in its charge to the jury as to whom the burden was upon to show that a valid election had been held.

As to the question whether or not a valid election had been held, the only objection made is that the ballots were not in conformity to the statute. It is conceded that all the formalities of the Australian ballot law were conformed to except as to the form of the ballots.

The evidence shows conclusively that the ballots used were slips of paper upon one set of which were printed the words, "For the sale" and on the other "Against the sale." The slips were one inch in width and only of sufficient length to permit being folded. There was no circle at the top or blank space at the side of the ballot. The ballots were not attached to stubs, nor designated "Official ballots." Indeed, there were no marks upon them whatever except the words expressing the judgment of the voter as to the sale of intoxicating liquor in the township; and therefore they were not in conformity to either Sections 2948 or 2966-32, Revised Statutes.

Is it necessary that the ballot should conform to one or the other of these sections? We think not. We do not think that these sections as to the form of the ballots apply to elections of this character. It is true Section 4365-24, Revised Statutes, provides that: "Notice shall be given and the election conducted in all respects as provided by law for the election of township trustees;" but Section 4364-25, Revised Statutes, makes provision for what shall be upon the ballots and contemplates two forms of ballots, one for and the other against the sale of intoxicating liquors, while Sections 2948 and 2966-32, Revised Statutes, provide for one ballot requiring the elector to make a mark before the name of the candidate for whom he desires to vote; and in like manner we have no doubt as to a question submitted to be voted upon, where one is submitted at the same election. Elections to determine whether or not intoxicating liquors shall be sold in the township must, under Section 4364-24, Revised Statutes, be special elections. The object was to take the elections as far as possible out of politics and divest them of every other consideration but the one directly voted upon. No more formalities should be required than actually necessary under the law, and we think that any form of ballot

that has written or printed upon it "For the sale" or "Against the sale" would be sufficient.

Second. During the trial the evidence tended to show a number of sales made to different parties upon the same evening. A man by the name of Berry made several purchases; also a man by the name of Laughlin, while a number were sitting at the table drinking. The indictment charges that sales were made to Berry and Laughlin and to other persons to the grand jury unknown. At the close of the testimony for the state, the attorneys for the accused moved the court to require the prosecuting attorney to elect upon which sale he relied for conviction; this the court refused to do, and exception was taken.

This ruling we think was error. The indictment charges the defendant with selling intoxicating liquor in a township where such sale was prohibited and unlawful, and not with keeping a place where such liquors were kept for sale; therefore, each sale would be a distinct offense, and the accused could have been convicted upon proof of any one sale. There is but one count in the indictment, consequently but one offense could be properly charged. Each sale being a separate offense, the evidence of the state should have been restricted to one sale, and the accused had a right to know before introducing his evidence the distinct sale he was required to meet. Furthermore, it was important that the record should show what sale he was tried for making in violation of the law, so that if acquitted or convicted, it might be plead in bar of another action. *Stockwell* v. *State*, 27 Ohio St., 563; *Bainbridge* v. *State*, 30 Ohio St., 264.

The case of *State* v. *Bailey*, 50 Ohio St., 636, in no way conflicts with this holding. In that case there were two counts in the indictment framed for the express purpose of meeting the contingency of the evidence, and under such circumstances it was held that the prosecuting attorney is not required before the case commences to elect upon which count he will proceed to trial.

Third. The court in its charge said to the jury:

"Now if you find that the record of such election introduced in evidence in the case shows the facts above stated, that is, that a majority voting at said election were against the sale, then you are instructed that the burden of proof that such election was illegal rests on the defendant; but the law does not require so strong a degree of proof of defendant upon that proposition as is required of the state, and it is only necessary that the defendant should show the illegality of such election by a preponderance of the evidence in the case. That is to say, that there shall be more evidence on that issue as claimed by the defendant than against it."

This we think was error. In such case the burden does not change; it still continues with the state. The averment in the indictment is that the sale was made in a township where such sale was unlawful and prohibited. To this the accused plead not guilty; that is, he denied the averment. The state affirmed and the accused denied. It is true that Section 4364-24, Revised Statutes, provides that the record of the township clerk shall be *prima facie* evidence that the sale is prohibited if it shows that a majority were against the sale and that the selling shall be illegal. Still the question remains, was the selling prohibited, and upon that question there is a denial. The accused in no way admits that the selling was prohibited.

It differs entirely from the plea of self defense and insanity. In such cases the commission of the act is admitted and then justified or excused by necessity or irresponsibility; such pleas are in the nature of confession and avoidance. We think Mr. Underhill, in his work on Criminal Evidence, Section 23, expresses the correct rule.

"The general rule stated broadly, as laid down by the cases, is that the burden of proof and the obligation to convince the jury of the prisoner's guilt beyond a reasonable doubt as to all essential facts, including the criminal intent, are upon the prosecution throughout the trial. There is no shifting of the burden of proof during the trial.

"This rule is clearly applicable in every case where the defendant by pleading 'not guilty' alone, and without qualification, stands upon a negative allegation, and does not rely upon any facts which are separate and distinct from, or independent of, the original transaction set forth in the indictment. By such a plea the prisoner restricts himself to denying and dis-

approving the facts involved in the original transaction upon which the charge is based, including, of course, all the accompanying circumstances.

"The defendant is entitled to the benefit of the presumption of innocence before he introduces any evidence. Hence, though he offers no evidence, the court has no legal power to direct a verdict, but the *prima facie* case against him must be submitted to the jury. They must take into consideration the presumption of innocence, and should not convict unless the state has sustained the burden of proof. But when the defendant pleads any substantive, distinct and independent matter as a defense, which upon its face does not necessarily constitute an element of the transaction with which he is charged, it has been said that the burden of proving such defense devolves upon him. The accused must prove the independent exculpatory facts upon which he relies, and in this respect and to this extent, it is correct to say the burden lies on him."

He further adds:

"Notwithstanding this, if, after all the evidence is in, it is found that upon the whole case the prosecution has not sustained the burden of proof in convincing the jury of the prisoner's guilt beyond a reasonable doubt, he should be acquitted."

Whether the latter part of the section is correct or not it is not necessary now to determine. To the same effect are *Jones v. State,* 51 Ohio St., 331, and *Kelch v. State,* 55 Ohio St., 146.

In the case under consideration the record of the township trustees made out a *prima facie* case, it is true, but if no evidence had been offered by the accused, still the duty devolved upon the state to show that the accused was guilty of the offense charged beyond a reasonable doubt, one element of which charge was that he made the sale in a township where the sale of intoxicating liquor was prohibited. The accused relied upon no facts which were separate and distinct from, or independent of the original transaction. He did not plead or introduce evidence tending to prove any substantive, distinct and independent matter, as a defense; hence the charge of the court was clearly erroneous.

For these reasons the judgment must be reversed at the costs

of the defendant in error, and the case remanded for a new trial.

N. H. Bostwick and George King, for plaintiff in error.

H. O. Bostwick, Prosecuting Attorney, for defendant in error.